**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of _____
(State)

Case number (*If known*): _____  Chapter \_\_\_\_\_

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy   06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

1. **Debtor's name**  _____

2. **All other names debtor used in the last 8 years**
   Include any assumed names, trade names, and *doing business as* names

3. **Debtor's federal Employer Identification Number** (EIN)   2 0 – 5 5 4 6 1 2 3

4. **Debtor's address**

   **Principal place of business**

   _____
   Number      Street

   _____

   _____
   City                        State     ZIP Code

   _____
   County

   **Mailing address, if different from principal place of business**

   _____
   Number      Street

   _____
   P.O. Box

   _____
   City                        State     ZIP Code

   **Location of principal assets, if different from principal place of business**

   _____
   Number      Street

   _____

   _____
   City                        State     ZIP Code

5. **Debtor's website** (URL)  _____

Debtor _____          Case number *(if known)*_____
       *Name*

| | | |
|---|---|---|
| 6. | **Type of debtor** | ❑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) <br> ❑ Partnership (excluding LLP) <br> ❑ Other. Specify: _____ |
| 7. | **Describe debtor's business** | A. *Check one:* <br><br> ❑ Health Care Business (as defined in 11 U.S.C. § 101(27A)) <br> ❑ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B)) <br> ❑ Railroad (as defined in 11 U.S.C. § 101(44)) <br> ❑ Stockbroker (as defined in 11 U.S.C. § 101(53A)) <br> ❑ Commodity Broker (as defined in 11 U.S.C. § 101(6)) <br> ❑ Clearing Bank (as defined in 11 U.S.C. § 781(3)) <br> ❑ None of the above <br><br> B. *Check all that apply:* <br><br> ❑ Tax-exempt entity (as described in 26 U.S.C. § 501) <br> ❑ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3) <br> ❑ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11)) <br><br> C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes . <br><br> ___ ___ ___ ___ |
| 8. | **Under which chapter of the Bankruptcy Code is the debtor filing?** <br><br> A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box. | *Check one:* <br><br> ❑ Chapter 7 <br> ❑ Chapter 9 <br> ❑ Chapter 11. *Check **all** that apply*: <br><br>    ❑ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B). <br><br>    ❑ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B). <br><br>    ❑ A plan is being filed with this petition. <br><br>    ❑ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). <br><br>    ❑ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form. <br><br>    ❑ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2. <br><br> ❑ Chapter 12 |

Debtor _____    Case number *(if known)*_____
          Name

9. **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

   If more than 2 cases, attach a separate list.

   ❏ No
   ❏ Yes.  District _____  When _____  Case number _____
                                        MM / DD / YYYY
          District _____  When _____  Case number _____
                                        MM / DD / YYYY

10. **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

    List all cases. If more than 1, attach a separate list.

    ❏ No
    ❏ Yes.  Debtor _____  Relationship _____
           District _____  When _____
                                                  MM / DD / YYYY
          Case number, if known _____

11. **Why is the case filed in *this district*?**

    *Check all that apply:*

    ❏ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

    ❏ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

12. **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

    ❏ No
    ❏ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

    **Why does the property need immediate attention?** (*Check all that apply.*)

    ❏ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
       What is the hazard? _____

    ❏ It needs to be physically secured or protected from the weather.

    ❏ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

    ❏ Other _____

    **Where is the property?** _____
                                  Number     Street

    _____
    _____
    City                                    State ZIP Code

    **Is the property insured?**
    ❏ No
    ❏ Yes. Insurance agency _____
           Contact name _____
           Phone _____

---

### Statistical and administrative information

Debtor _____   Case number (*if known*)_____
        Name

| 13. | **Debtor's estimation of available funds** | *Check one:*<br>☐ Funds will be available for distribution to unsecured creditors.<br>☒ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. |
|---|---|---|

| 14. | **Estimated number of creditors** | ☐ 1-49<br>☐ 50-99<br>☐ 100-199<br>☐ 200-999 | ☐ 1,000-5,000<br>☐ 5,001-10,000<br>☐ 10,001-25,000 | ☐ 25,001-50,000<br>☐ 50,001-100,000<br>☐ More than 100,000 |
|---|---|---|---|---|

| 15. | **Estimated assets** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |
|---|---|---|---|---|

| 16. | **Estimated liabilities** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |
|---|---|---|---|---|

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

| 17. | **Declaration and signature of authorized representative of debtor** | The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>I have been authorized to file this petition on behalf of the debtor.<br><br>I have examined the information in this petition and have a reasonable belief that the information is true and correct.<br><br>I declare under penalty of perjury that the foregoing is true and correct.<br><br>Executed on _____<br>           MM / DD /YYYY<br><br>X /s/ _____     _____<br>  Signature of authorized representative of debtor     Printed name<br><br>Title _____ |
|---|---|---|

| Debtor | Case number (if known) |
|---|---|
| Name | |

**18. Signature of attorney**

✗ *John R. Ashmead*    Date _____
_____          MM / DD / YYYY
Signature of attorney for debtor

_____
Printed name

_____
Firm name

_____
Number     Street

_____      _____   _____
City                                      State     ZIP Code

_____           _____
Contact phone                              Email address

_____   _____
Bar number                                          State

Debtor __Times Square JV LLC_____          Case Number: 22-[]_____

# SCHEDULE 1

## Pending Bankruptcy Cases Filed by Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors"), filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York. The Debtors have moved for joint administration of these cases for procedural purposes only under the case number assigned to the chapter 11 case of Times Square JV LLC

1. CPTS Hotel Lessee LLC
2. 1601 Broadway Holding LLC
3. 1601 Broadway Owner LLC

# UNANIMOUS WRITTEN CONSENT OF
# THE BOARD OF DIRECTORS
# OF
# TIMES SQUARE JV LLC

**December 27, 2022**

The undersigned, being the sole member of the Board of Directors (the "**Board**") of Times Square JV LLC, a Delaware limited liability company (the "**Company**") entitled and required to participate in the authorization of the matters set forth herein, in lieu of holding a special meeting of the Board, hereby takes the following actions and adopts, as of the date first set forth above (the "**Effective Date**"), the following resolutions by written consent pursuant to the Written Consent of the Sole Member, dated September 1, 2021, vesting the management and direction of the Company in the Board (the "**Written Consent of the Sole Member**"), and Section 18-404 of the Limited Liability Company Act of the State of Delaware and direct that this unanimous written consent (the "**Written Consent**") be entered into the minute book of the Company. Unless otherwise defined herein, capitalized terms shall have the meaning given to them in the Company's Amended and Restated Limited Liability Company Agreement, dated April 19, 2018 (the "**LLC Agreement**") and the Written Consent of the Sole Member:

## Chapter 11 Filing

**WHEREAS**, the Board is familiar with the facts and information relating to, among other things: (i) the Company's assets, liabilities, and liquidity; (ii) the strategic alternatives available to the Company; and (iii) the potential impacts of the foregoing on the Company's business; and

**WHEREAS**, the Board considered presentations by the management company and the financial and legal advisors of the Company regarding the financial situation of the Company, the strategic alternatives available to it, and the effect of the foregoing on the Company's business; and

**WHEREAS**, the Board had had the opportunity to consult with the management company and the financial and legal advisors of the Company and fully consider each of the strategic alternatives available to the Company; and

**WHEREAS**, the Board has determined, in its judgment, that the Company's filing a voluntary chapter 11 petition, together with certain of its affiliates (the "**Debtor Affiliates**") in order to avail itself of applicable law, including the bankruptcy laws, is in the best interests of the Company, its creditors, and other interested parties; and that the choice of venue (i.e., the Southern District of New York), reflects the preferred venue choice of the Sole Member and the Company; and

**WHEREAS**, the Board has been presented with a proposed Restructuring Support Agreement (the "**RSA**") by and among each of (a) the Company and its Debtor Affiliates, (b) 1605 Broadway LLC (the "**Mortgage Lender**"), (c) TSJV Mezz Acquisition LLC, and (d)

1

Vornado Capital Partners, L.P. and Vornado Capital Partners Parallel, L.P. (collectively, "**VNO**" and, together with the Mortgage Lender, the "**Consenting Stakeholders**"), on or in advance of the date hereof; and each other exhibit thereto, all substantially in the forms and on the terms presented to the Board.

**WHEREAS**, the Board has reviewed and considered presentations by the management company and the financial and legal advisors of the Company regarding the transactions contemplated under the RSA and the proposed chapter 11 plan of reorganization (the "**Plan**") contemplated thereby.

**NOW THEREFORE BE IT:**

**RESOLVED**, that the Company shall and hereby is authorized to file or cause to be filed, a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court of the Southern District of New York (when filed, the "**Chapter 11 Case**"); and it is

**FURTHER RESOLVED**, that any officer (or legally authorized individual, appointed or yet to be appointed, duly acting on behalf), including the President, of the Company (each, an "**Authorized Officer**") acting alone or with one or more other Authorized Officer, is hereby authorized, empowered and directed to execute and file on behalf of the Company all petitions, motions, pleadings, applications, exhibits, schedules, lists, and other papers, instruments, or documents, and take and perform any and all further actions and steps that they deem necessary, desirable, and proper to obtain such relief, including, without limitation, any action necessary, appropriate, or desirable to maintain or improve the operation of the Company's business, and to cause the same to be filed in the United States Bankruptcy Court for the Southern District of New York, at such time as the Authorized Officers shall determine; and it is

**FURTHER RESOLVED,** that the Company shall be and hereby is, authorized and empowered, on behalf of an in the name of such Company to enter into the RSA, with such changes, additions, and modifications thereto as an Authorized Officer executing the same shall approve, such approval to be conclusively evidenced by an Authorized Officers' execution and delivery thereof; and it is

**Debtor-In-Possession Financing, Cash Collateral, and Adequate Protection**

**RESOLVED**, that the Company and its Debtor Affiliates will obtain benefits from: (i) the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "**Cash Collateral**"), which is security for that certain Mortgage Loan Agreement, dated as of April 19, 2018, with the Mortgage Lender as lender thereto (as amended and restated, from time to time, the "**Mortgage Loan**") to which the Company is a borrower, and (ii) certain debtor-in-possession financing (the "**DIP Financing**") provided by 1605 Broadway LLC, (the "**DIP Lender**"); and it is

**FURTHER RESOLVED**, that to use and obtain the benefits of the Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, the Company and its Debtor Affiliates,

2

will provide certain adequate protection to the Mortgage Lender (the "**Adequate Protection Obligations**"), as documented in a proposed interim order (the "**Interim DIP Order**") and submitted for approval to the Bankruptcy Court; and it is

**FURTHER RESOLVED**, that in the business judgment of the Sole Member and Manager, it is desirable and in the best interest of the Company, its respective stakeholders, creditors, and other parties in interest, for the Company and its Debtor Affiliates to enter into a certain new debtor-in-possession credit agreement (the "**DIP Credit Agreement**"), with the DIP Lender; and it is

**FURTHER RESOLVED**, that that the form, terms, and provisions of the DIP Credit Agreement (including the borrowing of money, granting of liens on substantially all assets of the Company, and the guaranty of obligations reflected therein), and the form, terms, and provisions of such other agreements, certificates, schedules, and instruments contemplated thereby (including the DIP Credit Agreement, collectively, the "**DIP Credit Agreement Documents**") be, and hereby are, authorized, adopted, and approved, and each of the Authorized Officers be, and hereby is, authorized and empowered, in the name of and on behalf of the Company, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of the DIP Credit Agreement Documents, and incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, in the form or substantially in the form thereof submitted to the Sole Member and Manager, with such changes, additions, and modifications thereto as the Authorized Officers executing the same shall approve, such approval to be conclusively evidenced by such officers' execution and delivery thereof; and it is

**FURTHER RESOLVED**, that the form, terms, and provisions of the Interim DIP Order to which the Company is or will be subject, and the actions and transactions contemplated thereby be, and hereby are, authorized, adopted, and approved, and each of the Authorized Officers be, and hereby are, authorized and empowered, in the name of and on behalf of the Company, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, the Interim DIP Order, and such other agreements, certificates, instruments, receipts, petitions, motions, objections, replies, or other papers or documents to which the Company is or will be a party, including, but not limited to, any term sheet, credit agreement, security and pledge agreement, or guaranty agreement (collectively with the Interim DIP Order and the DIP Credit Agreement Documents, the "**DIP Documents**"), and incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, in the form or substantially in the form thereof submitted to the Sole Member and Manager, with such changes, additions, and modifications thereto as the Authorized Officers executing the same shall approve, such approval to be conclusively evidenced by such officers' execution and delivery thereof; and it is

**FURTHER RESOLVED**, that the Company, as debtor and debtor-in-possession under the Bankruptcy Code be, and hereby is, authorized to incur the Adequate Protection Obligations and certain secured claims pursuant to the DIP Credit Agreement Documents and to undertake any and all related transactions on substantially the same terms as contemplated under the DIP Credit Agreement Documents (collectively, the "**Adequate Protection Transactions**"); and it is

3

**FURTHER RESOLVED**, that the Authorized Officers be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Company, as debtor and debtor-in-possession, to take such actions as in its discretion is determined to be necessary, desirable, or appropriate and execute the Adequate Protection Transactions, including delivery of: (a) the DIP Documents and such agreements, certificates, instruments, guaranties, notices, and any and all other documents, including, without limitation, any amendments to any DIP Documents (collectively, the "**Adequate Protection Documents**"); (b) such other instruments, certificates, notices, assignments, and documents as may be reasonably requested by the Agent or the DIP Lender; and (c) such forms of deposit account control agreements, officer's certificates, and compliance certificates as may be required by the DIP Documents or any other Adequate Protection Document; and it is

**FURTHER RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Company to file or to authorize the DIP Lender to file any Uniform Commercial Code (the "**UCC**") financing statements, any other equivalent filings, any intellectual property filings and recordation and any necessary assignments for security or other documents in the name of the Company that the DIP Lender deems necessary or appropriate to perfect any lien or security interest granted under the Interim DIP Order, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired" and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of the Company and such other filings in respect of intellectual and other property of the Company, in each case as the DIP Lender may reasonably request to perfect the security interests of the DIP Lender under the DIP Documents; and it is

**FURTHER RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Company to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the Adequate Protection Transactions and all fees and expenses incurred by or on behalf of the Company in connection with the foregoing resolutions, in accordance with the terms of the Adequate Protection Documents, which shall in their sole judgment be necessary, proper, or advisable to perform any of the Company's obligations under or in connection with the Interim DIP Order or any of the other Adequate Protection Documents and the transactions contemplated therein and to fully carry out the intent of the foregoing resolutions; and it is

### Retention of Professionals

**RESOLVED**, that the retention by the Company of the law firm of Seward & Kissel LLP ("**S&K**") as bankruptcy counsel to represent and assist the Company and its Debtor Affiliates in carrying out their duties under chapter 11 of the Bankruptcy Code, and take any and all actions necessary to advance the Company's rights in connection therewith, including filing any pleadings, is approved and ratified, and each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute and ratify appropriate retention

4

agreements, pay appropriate retainers, and to cause to be filed an appropriate applications for authority to retain S&K; and it is

**FURTHER RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized and directed to employ the firm of Stretto, Inc. ("**Stretto**") as notice, claims, and balloting agent to represent and assist the Company and its Debtor Affiliates in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Stretto; and it is

**FURTHER RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized and directed to employ the firm of Emerald Capital Advisors Corp. ("**Emerald**") as financial advisor to represent and assist the Company and its Debtor Affiliates in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Emerald; and it is

**FURTHER RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized and directed to employ the firm of Eastdil Secured, L.L.C. ("**Eastdil**") as real estate advisor to represent and assist the Company and its Debtor Affiliates in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Eastdil; and it is

**FURTHER RESOLVED**, that each Authorized Officer is authorized and empowered to employ on the Company's behalf other professionals necessary to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, each Authorized Officers is, with the power of delegation, hereby authorized and directed to execute appropriate retention agreements and cause to be filed appropriate applications with the bankruptcy court for authority to retain the services of any other professionals, as necessary, and on such terms as are deemed necessary, desirable, and proper; and it is

### Chapter 11 Plan

**RESOLVED**, that the Board has determined in its business judgment it is desirable and in the best interests of the Company, its stakeholders, its creditors, and other parties in interest that the Authorized Officers shall be, and hereby are, authorized to file or cause to be filed the Plan, and all other papers or documents (including any amendments) related thereto and to take any and all actions that they deem necessary or appropriate to pursue confirmation and consummation of a plan of reorganization materially consistent with the Plan; and it is

## General

**RESOLVED**, in addition to the specific authorizations heretofore conferred upon the Authorized Officers, each of the Authorized Officers (and their designees and delegates) hereby is authorized and empowered, in the name of and on behalf of the Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such Authorized Officer's judgment, shall be necessary, appropriate, or desirable in order to fully carry out the intent and accomplish the purposes of the Resolutions adopted herein; and it is

**FURTHER RESOLVED**, that any and all actions taken by and any of the Authorized Officers in the name and on behalf of the Company in furtherance of the purpose and intent of any or all of the foregoing Resolutions are hereby ratified, confirmed, and approved in all respects; and it is

**FURTHER RESOLVED**, that the Board has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waives any right to have received such notice; and it is

**FURTHER RESOLVED**, the actions taken by this Written Consent Meetings shall have the same force and effect as if taken at a special meeting of the Board duly called and constituted pursuant to LLC Agreement and the laws of the State of Delaware; and it is

**FURTHER RESOLVED**, that the actions that any Authorized Officers deem necessary, desirable or advisable to carry out the purposes of the foregoing resolutions, including the execution of any instruments, certificates, agreement or documents or the payment of any amounts, fees and expenses, or the doing by any of them of any act in connection with the foregoing matters, shall be conclusive evidence of the necessity, desirability or advisability thereof; and it is

**FURTHER RESOLVED**, that all actions heretofore taken by any officer, manager, or any other employee or agent of the Company, on or prior to the date hereof, in connection and consistent with the documents or transactions contemplated by the foregoing resolutions be, and the same hereby are, in all respects ratified, confirmed, approved and adopted as acts on behalf of the Company.

This document is a consent of the person who is the Director of the Company. The undersigned hereby consents to, and hereby approves and adopts in all respects, the recitals and resolutions set forth herein.

[*Remainder of the page intentionally left blank*]

IN WITNESS WHEREOF, the undersigned have executed this Written Consent on the Date of Execution. This Written Consent may be executed in counterparts.

By: _____
Name: Richard J. Shinder
Title: Director

*Signature Page to Board Unanimous Written Consent*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| TIMES SQUARE JV LLC, | Case No. 22-[] ([]) |
| Debtor. | |

# CORPORATE OWNERSHIP STATEMENT

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a governmental unit, that directly or indirectly own 10% or more of any class of the Debtor's equity interests:

| Shareholder | Approximate Percentage of Issued and Outstanding Limited Liability Company Membership Interests Held |
|---|---|
| CIF Times Square Mezz 1 LLC | 100% |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>TIMES SQUARE JV LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 22-[] ([]) |

**LIST OF DIRECT EQUITY SECURITY HOLDERS**

| Name | Address | Membership Interest Held |
|---|---|---|
| CIF Times Square Mezz 1 LLC | 15 East Putnam Avenue, Greenwich CT 06830 | 100% |

**Fill in this information to Identify the case:**

Debtor Name: **Times Square JV, LLC, CPTS Hotel Lessee LLC, 1601 Broadway Holding LLC, 1601 Broadway Owner LLC**

United States Bankruptcy Court for the: Southern District of New York
Case Number (If known): **22-[] ([])**

☐ Check if this is an amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders        12/15

A consolidated list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | **INTERCONTINENTAL HOTELS GROUP**<br>PO BOX 101074<br>ATLANTA, GA 30392 | | License Agreement | Unliquidated | | | $630,623.11 |
| 2 | **CON EDISON**<br>PO BOX 1702<br>NEW YORK, NY 10116 | ERIK ABRAHAMSEN<br>abrahamsene@coned.com | Utilities | N/A | | | $603,898.04 |
| 3 | **NYC WATER BOARD**<br>PO BOX 11863<br>NEWARK, NJ 07101 | | Utilities | N/A | | | $366,533.19 |
| 4 | **AUDIO VISUAL MANAGEMENT SOLUTIONS, INC.**<br>814 SIXTH AVE SOUTH<br>SEATTLE, WA 98134 | FRANK ROBERTS<br>froberts@c2cresources.com | Trade Payable | Disputed | | | $307,279.60 |
| 5 | **CONSTELLATION NEW ENERGY - GAS DIVISION, LLC**<br>PO BOX 4640<br>CAROL STREAM, IL 60197 | | Utilities | N/A | | | $240,939.36 |
| 6 | **USI SOUTHWEST, INC.**<br>P.O. BOX 61187<br>VIRGINIA BEACH, VA 23466 | | Insurance | N/A | | | $201,850.61 |
| 7 | **TRANSEL ELEVATOR & ELECTRIC D/B/A TEI GROUP**<br>30-30 47TH AVE SUITE 610<br>LONG ISLAND CITY, NY 11101 | | Trade Payable | Disputed | | | $142,081.89 |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 8  BUILDING MAINTENANCE SERVICE LLC  210 ROUTE 4 EAST  PARAMUS, NJ 07652 | MARIA PELLEGRINI  mpellegrini@bmsllc.com | Trade Payable | N/A | | | $127,848.52 |
| 9  SEVEN C'S RESTORATION LLC  PO BOX 316  MOUNT LAUREL, NJ 08054 | LACI DELUCA  laci.deluca@7csonline.com | Trade Payable | N/A | | | $114,802.26 |
| 10  HIGHGATE HOTELS LP  545 E. JOHN CARPENTER FREEWAY  IRVING, TX 75062 | JEREMIAH GALVIN  jgalvin@highgate.com | Management Agreement | Unliquidated | | | $84,893.76 |
| 11  HOTEL REVUP LLC  545 E. JOHN CARPENTER FREEWAY  IRVING, TX 75062 | JEREMIAH GALVIN  jgalvin@highgate.com | Trade Payable | N/A | | | $74,966.40 |
| 12  UNITED ELEVATOR INSPECTION & CONSULTING CO., INC.  ONE PENN PLAZA, SUITE 4507  NEW YORK, NY 10119 | YACKJAIRA ESTEVEZ  yestevez@uec-nyc.com | Trade Payable | N/A | | | $73,258.60 |
| 13  THE AMERICAN LAUNDRY CORP  421 E 16TH ST  PATERSON, NJ 07514 | JULISSA RIVERA  rivera.j@starlaundry.com | Trade Payable | N/A | | | $71,389.67 |
| 14  NEW YORK STATE BAR ASSOCIATION  ONE ELK STREET  ALBANY, NY 12207 | CINDY M. O'BRIEN  cobrien@nysba.org | Deposit | Disputed | | | $65,603.22 |
| 15  CVENT INC  PO BOX 822699  PHILADELPHIA, PA 19182 | MICHAEL MILLER  michael.miller@levitonlawfirm.com | Trade Payable | Disputed | | | $64,836.25 |
| 16  LYTER GROUP INC  100 MOTOR PARKWAY, SUITE 107  HAUPPAUGE, NY 11788 | RICHARD J YOPP JR  ryoppjr@lytergroup.us | Trade Payable | Disputed | | | $57,417.07 |
| 17  US OLYMPIC & PARALYMPIC COMMITTEE  27 S TEJON ST.  COLORADO SPRINGS, CO 80903 | KRISTIN WOODWARD  kristin.woodward@usopc.org | Deposit | Disputed | | | $52,893.24 |
| 18  AMERICAN HOTEL REGISTER CO  PO BOX 206720  DALLAS, TX 75320 | | Trade Payable | N/A | | | $50,861.15 |
| 19  DANIEL PAUL CHAIRS LLC  2052 SOUTH ECONOMY RD  MORRISTOWN, TN 37813 | JOHN TAYLOR  jta@jtaylorinc.com | Trade Payable | N/A | | | $49,651.36 |

22-11715-jpm Doc 1 Filed 12/28/22 Entered 12/28/22 16:36:38 Main Document
Pg 18 of 19

Debtor: Times Square/JV, DEBTORS Hotel Lessee LLC, 1601 Broadway Holding LLC, 1601 Broadway Owner LLC Case number (if known):

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 20 | **CENTRE FOR FINANCIAL PROFESSIONALS** UNIT 68, THE MALTINGS ROYDON ROAD STANSTEAD ABBOTTS HERTFORDSHIRE, SG12 8HG UNITED KINGDOM | ANDREAS SIMOU andreas.simou@cefpro.com | Deposit | Disputed | | | $45,000.00 |
| 21 | **FIFTH AVENUE FOODS** 55-50 44TH STREET MASPETH, NY 11378 | DAVID ZIGLER david@fifthavenuefoods.com | Trade Payable | N/A | | | $36,703.83 |
| 22 | **HD SUPPLY FACILITIES MAINTENANCE LTD** PO BOX 509058 SAN DIEGO, CA 92150 | CHRISTINE J. HANSEN, ESQ. chansen@borgeslawllc.com | Trade Payable | N/A | | | $35,940.56 |
| 23 | **ASAHI KASEI BIOPROCESS AMERICA, INC** 1855 ELMDALE AVE GLENVIEW, IL 60026 | LENA LIU lena.liu@ak-bio.com | Trade Payable | N/A | | | $33,750.00 |
| 24 | **PSI PLUMBING INC** 11 SPIELMAN RD FAIRFIELD, NJ 07004 | | Trade Payable | N/A | | | $33,223.40 |
| 25 | **CHARTER COMMUNICATIONS.** PO BOX 223085 PITTSBURG, PA 15251 | | Utilities | N/A | | | $30,051.72 |
| 26 | **AMERICAN MANAGEMENT ASSOCIATION.INT** PO BOX 785161 PHILADELPHIA, PA 19178 | | Trade Payable | N/A | | | $29,604.31 |
| 27 | **WYNDHAM JADE LLC** PO BOX 840907 DALLAS, TX 75284 | | Trade Payable | N/A | | | $28,253.00 |
| 28 | **ATLAS NETWORK LIBERTY FORUM 2020** 2000 NORTH 14TH STREET, STE 550 ARLINGTON, VA 22201 | ALLEGRA HERBURT-HEWELL allegra@hewellevents.com | Deposit | Disputed | | | $25,000.00 |
| 29 | **DIRECT ENERGY BUSINESS** PO BOX 32179 NEW YORK, NY 10087 | | Utilities | N/A | | | $24,837.99 |
| 30 | **EDWARD DON & COMPANY** 2562 PAYSPHERE CIRCLE CHICAGO, IL 60674 | | Trade Payable | N/A | | | $24,169.62 |

**Fill in this information to identify the case and this filing:**

Debtor Name _____

United States Bankruptcy Court for the: _____ District of _____
(State)

Case number (*If known*): _____

Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors      12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

❑ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

❑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

❑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

❑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

❑ *Schedule H: Codebtors* (Official Form 206H)

❑ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

❑ Amended *Schedule* ____

❑ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

❑ Other document that requires a declaration_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____       ✗ _____[signature]_____
MM / DD / YYYY                          Signature of individual signing on behalf of debtor

_____
Printed name

_____
Position or relationship to debtor

Official Form 202         **Declaration Under Penalty of Perjury for Non-Individual Debtors**