John R. Ashmead, Esq.
Robert J. Gayda, Esq.
Catherine V. LoTempio, Esq.
Andrew J. Matott, Esq.
**SEWARD & KISSEL LLP**
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 574-1200
Facsimile: (212) 480-8421

*Proposed Counsel to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: <br><br> TIMES SQUARE JV LLC, <br><br> Debtor. <br><br> Employer's Tax Identification No.: <br> 20-5546123 | Chapter 11 <br><br> Case No. 22-11715 (JPM) <br><br> (Joint Administration Requested) |
| In re: <br><br> CPTS HOTEL LESSEE LLC, <br><br> Debtor. <br><br> Employer's Tax Identification No.: <br> 35-2426401 | Chapter 11 <br><br> Case No. 22-11716 (JPM) <br><br> (Joint Administration Requested) |

| | |
|---|---|
| In re:<br><br>1601 BROADWAY HOLDING LLC,<br><br>      Debtor.<br><br>Employer's Tax Identification No.:<br>87-2343359 | Chapter 11<br><br>Case No. 22-11717 (JPM)<br><br>(Joint Administration Requested) |
| In re:<br><br>1601 BROADWAY OWNER LLC,<br><br>      Debtor.<br><br>Employer's Tax Identification No.:<br>87-2326463 | Chapter 11<br><br>Case No. 22-11718 (JPM)<br><br>(Joint Administration Requested) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER**
**AUTHORIZING JOINT ADMINISTRATION OF THE CHAPTER 11 CASES**

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), by and through their proposed undersigned counsel, hereby file this motion (the "Motion"), seeking entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), under rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the joint administration of the Debtors' above-captioned chapter 11 cases (collectively, the "Chapter 11 Cases") for procedural purposes only. In support of the Motion, the Debtors rely upon and incorporate by reference the *Declaration of Richard J. Shinder in Support of Chapter 11 Petitions and First Day Pleadings* (the "First Day Declaration") and further represent as follows:

2

**RELIEF REQUESTED**

1. The Debtors respectfully request entry of an order substantially in the form of the Proposed Order directing the joint administration of these Chapter 11 Cases for procedural purposes only.

**JURISDICTION AND VENUE**

2. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, dated February 1, 2012. This is a core proceeding within the meaning of 28 U.S.C. § 157(b). The Debtors confirm their consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3. Venue of these Chapter 11 Cases and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The legal predicate for the relief requested herein is Bankruptcy Rule 1015(b).

**BACKGROUND**

5. On December 28, 2022 (the "Petition Date"), the Debtors commenced these cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The factual background regarding the Debtors, including their business operations, their capital and debt structure, and the events leading to the filing of the Chapter 11 Cases, is set forth in the First Day Declaration.

6. The Debtors continue to manage and operate their businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

7. To date, no creditors' committee has been appointed in the Chapter 11 Cases by the Office of the United States Trustee for Region 2 (the "U.S. Trustee"). No trustee or examiner has been appointed in the Chapter 11 Cases.

## BASIS FOR RELIEF

8. Bankruptcy Rule 1015(b) provides that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). Section 101(2) of the Bankruptcy Code, in turn, defines the term "affiliate," in relevant part, as:

> (A) [an] entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor . . . ;
>
> (B) [a] corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor . . . ;
>
> (C) [a] person whose business is operated under a lease or operating agreement by a debtor, or person substantially all of whose property is operated under an operating agreement with the debtor; or
>
> (D) [an] entity that operates the business or substantially all of the property of the debtor under a lease or operating agreement.

9. The Debtors are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code and as used in Bankruptcy Rule 1015(b). Accordingly, joint administration of the Chapter 11 Cases is appropriate under Bankruptcy Rule 1015(b).

10. The Debtors anticipate that numerous notices, applications, motions, other pleadings, hearings, and orders in the Chapter 11 Cases will affect several or all of the Debtors. The failure to jointly administer these cases—each with its own docket—would result in duplicate filings for each issue. Further, joint administration will relieve the Court of entering duplicative

orders and maintaining duplicative files and dockets. The U.S. Trustee and other parties in interest will similarly benefit from joint administration, sparing them the time and effort of reviewing duplicative pleadings and papers.

11. Joint administration will save time and money and avoid such duplicative filings by permitting counsel for all parties in interest to: (a) use a single caption on the numerous documents that will be served and filed in the Chapter 11 Cases; (b) file the pleadings in one case rather than in all cases; and (c) refer to one case docket in order to streamline review of all pleadings filed in the Chapter 11 Cases. Further, joint administration will protect parties in interest by ensuring that parties in each of the Debtors' respective cases will be apprised of all the various matters before the Court in the Chapter 11 Cases.

12. The rights of the Debtors' creditors will not be adversely affected by joint administration of the Chapter 11 Cases because this Motion requests only the administrative consolidation of the estates for procedural purposes and does not seek substantive consolidation. That is, creditors and other parties in interest will maintain their rights against each of the respective estates, as applicable.

13. Accordingly, the Debtors respectfully request that the Court direct parties in interest to use a consolidating caption (the "Proposed Caption"), indicating that any pleading they file relates to the jointly administered bankruptcy cases of "TIMES SQUARE JV LLC, *et al.*" Specifically, the Debtors request that the Court maintain one file and one docket for all of the jointly administered cases in the case of Times Square JV LLC, and that the cases be administered under the following consolidating caption:

5

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>TIMES SQUARE JV LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-11715 (JPM)<br><br>(Jointly Administered) |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Times Square JV LLC (6123), CPTS Hotel Lessee LLC (6401), 1601 Broadway Holding LLC (3359), and 1601 Broadway Owner LLC (6463). The mailing address for the Debtors is 15 East Putnam Avenue, Suite 406, Greenwich CT 06830.

14. Under section 342(c)(1) of the Bankruptcy Code, "[i]f notice is required to be given by the debtor to a creditor . . . such notice shall contain the name, address, and last four digits of the taxpayer identification number of the debtor." 11 U.S.C. § 342(c)(1). The Proposed Caption contains all of the required information, and therefore, the Debtors request that the Court find that the Proposed Caption satisfies the requirements of section 342(c) of the Bankruptcy Code.

15. The Debtors further submit that the use of the Proposed Caption will eliminate cumbersome and confusing procedures and help ensure a uniformity of pleading identification. Additionally, case-specific information will be listed in the petitions for each Debtor, which are publicly available to parties in interest. This information will be included in key notices to parties in interest, such as the notices required under Bankruptcy Rule 2002, as applicable to Chapter 11 Cases. Therefore, the Debtors submit that the policies behind the requirements of section 342(c) of the Bankruptcy Code have been satisfied.

16. The Debtors further request that an entry be made on the docket in the Chapter 11 Cases of CPTS Hotel Lessee LLC, 1601 Broadway Holding LLC, and 1601 Broadway Owner LLC, substantially as follows:

6

> An order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of Times Square JV LLC, et al., Case No. 22-11715 (JPM). The docket in Case No. 22-11715 (JPM) should be consulted for all matters affecting this case.

17. The Debtors submit that no party will be prejudiced by virtue of the relief requested in this Motion. Specifically, the relief sought in this Motion is solely procedural and is not intended to affect substantive rights. Indeed, the relief requested in this Motion has been commonly granted by this Court in other cases. *See, e.g.*, *In re A.B.C. Carpet Co., Inc.*, Case No. 21-11951 (DSJ) (Bankr. S.D.N.Y. Sept. 9, 2021); *Hermitage* Offshore Services Ltd., No. 20-11850 (MG) (Bankr. S.D.N.Y. Aug. 14, 2020); *NTS W. USA Corp., a Delaware corporation d/b/a Desigual,* Case No. 20-35769 (CGM) (Bankr. S.D.N.Y. July 28,2020); *Lakeland Tours, LLC d/b/a WorldStrides*, Case No. 20-11647 (JLG) (Bankr. S.D.N.Y. July 22, 2020).

18. Based on the foregoing, the Debtors submit that the relief requested is necessary and appropriate, and in the best interests of the Debtors, their estates, their creditors, and other parties in interest and, therefore, should be granted.

## **NOTICE**

19. The Debtors provided notice of this Application to: (i) the U.S. Trustee for Region 2, Attn: Andrea Schwartz, Esq.; (ii) the United States Attorney for the Southern District of New York; (iii) the holders of the Debtors' thirty (30) largest unsecured creditors on a consolidated basis; and (iv) counsel to the Prepetition Secured Lender and DIP Lender, Cleary Gottlieb Steen & Hamilton LLP; and (v) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

20. No previous request for the relief sought herein has been made to this or any other court.

## CONCLUSION

21. WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form as the Proposed Order, granting the relief requested in this Motion along with such other and further relief as may be just and proper.

Dated: December 28, 2022  
      New York, New York

Respectfully submitted,

/s/ John R. Ashmead

John R. Ashmead, Esq.  
Robert J. Gayda, Esq.  
Catherine V. LoTempio, Esq.  
Andrew J. Matott, Esq.  
**SEWARD & KISSEL LLP**  
One Battery Park Plaza  
New York, New York 10004  
Telephone: (212) 574-1200  
Facsimile: (212) 480-8421  
Email: ashmead@sewkis.com  
      gayda@sewkis.com  
      lotempio@sewkis.com  
      matott@sewkis.com

*Proposed Counsel to the Debtors  
and Debtors in Possession*