Mark S. Lichtenstein, Esq.
Massimo D'Angelo
**AKERMAN LLP**
1251 Avenue of the Americas
37th Floor
New York, New York 10020
Telephone: (212) 880-3800
mark.lichtenstein@akerman.com

*Counsel to 1601 Enterprises Inc.*

**Objection Deadline: March 9, 2023 at 4:00 p.m.**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Times Square JV LLC, *et al.*,[1] | Case No. 22-11715 (JPM) |
| Debtors. | (Jointly Administered) |
| | **Related Doc. Nos. 173, 214, 217** |

**LIMITED OBJECTION OF 1601 ENTERPRISES INC. TO CONFIRMATION**
**OF DEBTORS' FIRST AMENDED PLAN OF REORGANIZATION**

Creditor 1601 Enterprises Inc. ("1601 Enterprises"), by and through undersigned counsel, pursuant to 11 U.S.C. Section 1125 of the United States Code and Federal Rule of Bankruptcy Procedure 3017, files this *Limited Objection to the Confirmation of Debtor's First Amended Plan of Reorganization* (the "Plan")[2] [ECF No. 173], the *Notice of Filing Plan Supplement* [ECF No. 214] (the "Plan Supplement") and the *Notice of Filing Amendment to Plan Supplement* [ECF No. 217] (the "First Amended Plan Supplement"). In support hereof, 1601 Enterprises respectfully states as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Times Square JV LLC (6123), CPTS Hotel Lessee LLC (6401), 1601 Broadway Holding LLC (3359), and 1601 Broadway Owner LLC (6463). The mailing address for the Debtors is 15 East Putnam Avenue, Suite 406, Greenwich, CT 06830.

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Plan.

69160775;3

# BACKGROUND

### A. The 1061 Enterprise Lease

1. Prior to the Petition Date, on or about April 9, 2019, the Debtor Times Square JV LLC, the owner of a hotel located in Times Square in Manhattan (the "<u>Hotel</u>"), and 1601 Enterprises entered into a Lease for commercial retail space located at 1601 Broadway, New York, New York (the "<u>Lease</u>") consisting of: (i) 2,436 square feet of usable area on the ground floor (defined in the Lease as the "<u>Ground Floor Space</u>"), (ii) 780 square feet of usable area on the mezzanine level (defined in the Lease as the "<u>Mezzanine Space</u>"), and (iii) 3,188 square feet of usable area on the lower level (defined in the Lease as the "<u>Lower Level Space</u>") (collectively referred to in the Lease as the "<u>Premises</u>").

2. The Lease expires on December 31, 2035.

3. 1601 Enterprises spent a considerable amount of money in the buildout of restaurant space in the Premises, which buildout was completed shortly before the beginning of the COVID-19 pandemic. The pandemic and resulting measures, including the closure of the Hotel for a protracted period, made it impossible to operate the Premises profitably and for 1601 Enterprises to meet its rent obligations which were negotiated under different circumstances with vastly different financial expectations. The pandemic was itself the reason for the Debtors' bankruptcy filings.

### B. The Debtors' Bankruptcy Proceeding

4. On December 28, 2022 (the "<u>Petition Date</u>"), Times Square JV LLC, CPTS Hotel Lessee LLC, 1601 Broadway Holding LLC and 1601 Broadway Owner LLC (collectively, the "<u>Debtors</u>") filed voluntary petitions for relief under chapter 11 of title 11 of the United States

Bankruptcy Code. The Debtors' cases have been jointly administered. The Debtors continue to manage and operate their businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

5.  On December 28, 2022, the Debtors filed the *Debtor's Plan of Reorganization* [ECF No. 21] and *Disclosure Statement* [ECF No. 22].

6.  On January 24, 2023, the Debtors filed the *Amended Disclosure Statement for the Debtor's Plan of Reorganization* [ECF No. 133].

7.  On January 30, 2023, the Debtors filed the *Disclosure Statement for the Debtors' First Amended Plan of Reorganization* [ECF No. 159]

8.  On February 3, 2023, the Court entered the *Order* approving the Debtors' Disclosure Statement for the Debtor's Debtors' Amended Plan [ECF No. 172].

9.  On February 3, 2023, the Debtors' filed the *Amended Plan of Reorganization* (the "Amended Plan") [ECF No. 173] and *Disclosure Statement for Debtors' Amend Plan of Reorganization* (the "Disclosure Statement") [ECF No. 174].

10. On February 9, 2023 Debtor Times Square JV LLC filed an adversary proceeding (Adv. No. 23-01008) against 1601 Enterprises asserting three counts: 1) breach of contract of the Lease; 2) turnover of unpaid rents; and 3) declaratory judgment that the Lease was properly terminated on September 1, 2022 (the "Adversary Proceeding").[3]

## LIMITED OBJECTION

11. 1601 Enterprises has strong defenses to the Adversary Proceeding filed against it, including, without limitation, Debtor Times Square JV LLC's failure to properly terminate the Lease under its own terms.  Accordingly, once the Adversary Proceeding is resolved 1601

---

[3] The Debtor's counsel has advised 1601 Enterprises' counsel that it is in the process of amending the complaint in the Adversary Proceeding and that no response by 1601 Enterprises to the original adversary complaint is required.

Enterprises will be party to an unexpired lease with Debtor Times Square JV LLC. Notwithstanding this material dispute which will not be resolved as of the Confirmation Hearing, the Debtors have simply assumed in conclusory fashion, before a judicial adjudication, that the Lease was validly terminated pre-petition. While the Amended Plan addresses the treatment of executory contracts and unexpired leases, both in the context of assumption or rejection, 1601 Enterprises files this limited objection to reserve its rights and to ensure that when 1601 Enterprises is successful in the Adversary Proceeding and the Court deems 1601 Enterprises to still have a valid lease of the Premises, that nothing in the Amended Plan and Disclosure Statement or Confirmation Order should compromise or diminish in any way the rights of 1601 Enterprises to retain possession of the Premises under Section 365(h) of the Bankruptcy Code or otherwise to elect to continue to occupy the Premises and to operate the business in which it invested substantial sums into and which business, post-pandemic, is currently operating.

12. Article V of the Amended Plan provides in part:

> For the avoidance of doubt, the Debtors shall not reject any Unexpired Lease of real property under which a Debtor is the lessor other than pursuant to 11 U.S.C. §365(h) and nothing contained in the Plan or the Confirmation Order is intended to be deemed to preclude, waive or compromise the rights and claims of any lessee of a rejected lease of real property under which a Debtor is the lessor, including those under 11 U.S.C. §365(h).

Amended Plan, pg. 34, Article V. Section 5.1(1).

13. The language in Article V, Section 5.1(1) should protect 1601 Enterprises' rights to the Premises and under the Lease in the event that the Debtors ultimately seek to reject the Lease. However, given the Debtor's conclusory allegations that the Lease was terminated pre-petition, 1601 Enterprises has filed this limited objection in an abundance of caution should 1601 Enterprises' silence be deemed acquiescence to the Debtors' view of the facts.

Additionally, the Amended Plan and Disclosure Statement provide that the Hotel assets will be conveyed to a third-party, either through a sale or through the "equitization of the secured debt," which amounts to the functional equivalent of a sale via cash bid or credit bid. The transfer shall vest any assets of the Debtors, pursuant to Article IV, Section 4.9 of the Amended Plan, "free and clear of all Claims, Liens, charges, other encumbrances, and interests." *Amended Plan,* pg. 31, Article IV. Section 4.9. This raises the concern that the Debtors and the transferee may take the position that the assets were sold free and clear of leases under Section 363 of the Bankruptcy Code. In that event, 1601 Enterprises asserts its right to adequate protection for the loss of its Lease under Section 363(e) of the Bankruptcy Code.

14. Further, because the Amended Plan itself tries to account for two contingencies *i.e.* whether the "Payout Event Does Not Occur" or whether the "Payout Event Does Occur," it is unclear what happens to executory contracts, like the Lease, which themselves are in dispute and which dispute will not be resolved prior to confirmation via the adversary proceeding. In Article V, Section 5.1(1)(b) the Amended Plan specifically states that: "For the avoidance of doubt, any Executory Contract or Unexpired Lease not assumed by the Debtors and assigned to the Purchaser in connection with a Payout Event pursuant to the PSA shall be deemed rejected as of the Effective Date." *Amended Plan,* pg. 35, Article V, Section 5.1(1)(b).

15. To the extend the Amended Plan and Disclosure Statement already preserve 1601 Enterprises rights pursuant to section 365(h) pending the resolution of the adversary proceeding as to the status of the Lease and the parties attendant rights and obligations to same, including 1601 Enterprises protections pursuant to section 363(e) of the Bankruptcy Code, then 1601 Enterprises has no objection to the Amended Plan and Disclosure statement.

16. To the extent the Amended Plan and Disclosure Statement either seek to completely extinguish 1601 Enterprises rights pursuant to section 365(h) or, if a section 363 sale takes place, the Debtors fail to provide 1601 Enterprises with the required adequate protection they are entitled to pursuant to section 363(e), 1601 Enterprises does object to the Debtors' Amended Plan and Disclosure Statement and 1601 Enterprises would ask the court to include language in the confirmation order protecting 1601 Enterprises rights pursuant to sections 365(h) and 363(e) of the Bankruptcy Code pending the resolution of the adversary proceeding involving the Lease.

17. 1601 Enterprises files this limited objection to the Amended Plan and Disclosure Statement in an abundance of caution to preserve its rights because Debtor Times Square JV LLC is taking the position in the adversary proceeding and in the Amended Plan and Disclosure Statement that the Lease was terminated prepetition, when, as 1601 Enterprises argues and will prove to the Court in the adversary proceeding, there were technical infirmities to the termination which render the attempt to do so a nullity, and leaves 1601 Enterprises with an interest whose treatment is unclear in the Amended Plan and Disclosure Statement.

## RESERVATION OF RIGHTS

18. 1601 Enterprises expressly reserves the right to amend this Objection and to provide further substantive and/or procedural objections it may have, including but not limited to, objecting to any evidence or argument that Debtors might advance in reply or the hearing in support of the Amended Plan confirmation.

## CONCLUSION

WHEREFORE, 1601 Enterprises respectfully requests the Court (i) deny the confirmation of the Amended Plan in its current form; or (ii) condition the entry of an order

69160775;3

confirming Debtors' Amended Plan upon the inclusion of language in an order confirming or approving the Amended Plan (and/or in any further amended version of the Amended Plan) that expressly preserves the section 365(h) and 363(e) rights of 1601 Enterprises in regards to the Lease pending a resolution of the adversary proceeding.

Dated: New York, New York
      March 9, 2023

**AKERMAN LLP**

By:   */s/ Mark S. Lichtenstein*
      Mark S. Lichtenstein
      Massimo D'Angelo
      1251 Avenue of the Americas
      37th Floor
      New York, New York 10020
      Tel. No. (212) 880-3800
      E-Mail: mark.lichtenstein@akerman.com
      E-mail: Massimo.dangelo@akerman.com

*Counsel for 1601 Enterprises Inc.*