Paul M. O'Connor III
Matthew B. Stein
Joshua N. Paul
Andrew Golden
**KASOWITZ BENSON TORRES LLP**
1633 Broadway
New York, New York 10019
Telephone: (212) 506-1700
Facsimile: (212) 506-1800
Email: POConnor@kasowitz.com
MStein@kasowitz.com
JPaul@kasowitz.com
AGolden@kasowitz.com

*Counsel for Holiday Hospitality Franchising, LLC*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| TIMES SQUARE JV LLC, *et al.*,[1] | ) ) ) | Case No. 22-11715 (JPM) |
| Reorganized Debtors. | ) ) ) | Jointly Administered |

**HOLIDAY HOSPITALITY FRANCHISING, LLC'S MOTION FOR
ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM**

Holiday Hospitality Franchising, LLC ("HHF"), licensor under that certain license agreement (the "Original License Agreement"), dated as of July 1, 2012, between HHF and CPTS Hotel Lessee LLC ("CPTS"), which permitted and required the hotel located at 1605 Broadway, New York, NY 10019 (the "Hotel") to be operated as a Crowne Plaza® branded hotel, hereby submits this motion (the "Motion") seeking the allowance and payment of an administrative

---

[1] The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Times Square JV LLC (6123), 1601 Broadway Holding LLC (3359), and 1601 Broadway Owner LLC (6463). The mailing address for the Debtors is 15 East Putnam Avenue, Suite 406, Greenwich, CT 06830.

expense claim (the "Claim") in the aggregate amount of $168,389.45, and in support of the Claim respectfully states as follows:

## PRELIMINARY STATEMENT

1. HHF's Claim relates to accrued and unpaid fees and expenses arising under the Original License Agreement for services rendered from the Petition Date to the Effective Date.

2. Under the Original License Agreement, HHF, doing business as IHG® Hotels & Resorts (all such entities collectively, "IHG"), provided the Debtors with the right to utilize the Crowne Plaza® brand and associated IHG systems and services (collectively, the "System"), in exchange for the payment of the fees and other amounts provided for in the Original License Agreement. Without the System, the Debtors could not generate the revenue necessary to maintain Hotel operations. HHF has performed all of its obligations, but it has not been paid in full all amounts owed for its services.

3. For this reason, HHF seeks payment of the Claim as an administrative expense pursuant to Sections 503(b)(1)(A) and 507(a)(2) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

## JURISDICTION AND VENUE

4. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, dated February 1, 2012. This is a core proceeding within the meaning of 28 U.S.C. § 157(b). HHF confirms its consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court cannot enter final orders or judgments consistent with Article III of the United States Constitution.

5. Venue of these cases and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

# RELEVANT BACKGROUND

6. The Hotel has operated under the Crowne Plaza® brand since 1989. On December 28, 2022 (the "Petition Date"), Times Square JV LLC ("TSJV"), CPTS, 1601 Broadway Holding LLC, and 1601 Broadway Owner (together, the "Debtors") filed for bankruptcy protection in the Bankruptcy Court for the Southern District of New York (the "Court") and contemporaneously sought to reject the Original License Agreement [Dkt. No. 18] (the "Rejection Motion"). On January 4, 2023, HHF objected to the Rejection Motion [Dkt. No. 44].

7. On February 16, 2023, the Court issued an order (the "Rejection Order") authorizing the Debtors to reject the Original License Agreement as of that date (the "Rejection Date") [Dkt. No. 197].

8. On that same date, CPTS and HHF entered into that certain *Stipulation regarding CPTS Hotel Lessee LLC's Rejection of License Agreement with Holiday Hospitality Franchising, LLC* [Dkt. No. 196] (the "Rejection Stipulation"), pursuant to which, in the event of entry of the Rejection Order, CPTS agreed to "pay for the all services provided by HHF following the Petition Date . . . in the ordinary course of business pursuant to the terms of the License Agreement" until a future date "on such terms agreed to in writing by the Debtors." Rejection Stipulation ¶ 1.

9. On March 12, 2023, HHF, CPTS and senior secured mortgage and debtor-in-possession lender 1605 Broadway LLC reached a settlement, as memorialized by that certain *IHG Letter Agreement* (the "Letter Agreement"), attached as Exhibit C to the *Debtors' Third Amended Plan of Reorganization* [Dkt. No. 248, 260-1] (the "Plan") confirmed by order of this Court on March 21, 2023 [Dkt. No. 260], pursuant to which, among other things:

   a. "During the period from the date of this Letter Agreement through and including the Effective Date, HHF shall perform the same services to CPTS and CPTS shall perform its obligations on the same terms as provided in the [License Agreement], as modified pursuant to" the Rejection Order and Rejection Stipulation. Letter Agreement § 2; and

3

b.  HHF and TSJV entered into an amended license agreement dated as of March 31, 2023 (the "Amended License Agreement") pursuant to which a modified license agreement between HHF and TSJV would remain in place through January 10, 2024, subject to certain extension rights contained in the Amended License Agreement.[2]

10. On March 31, 2023 (the "Effective Date"), the Plan went effective, and pursuant to the effective date notice [Dkt. No 267] (the "Effective Date Notice"), HHF had 45 business days from the Effective Date to apply for allowance and payment of administrative claims.

11. From the Petition Date continuing to the present date, HHF has performed its obligations under the Original License Agreement. During the period from the Petition Date through the Effective Date, fees and expenses have accrued in the aggregate unpaid amount of $168,389.45.

## BASIS FOR RELIEF

12. The Bankruptcy Code provides administrative status to claims for "the actual, necessary costs and expenses of preserving the estate," including wages, salaries, or commissions for services rendered after the commencement of the case. *See* 11. U.S.C. § 503(b)(1)(A).

13. Pursuant to section 503(b) of the Bankruptcy Code, obligations that arise in connection with the post-petition delivery of necessary goods or services are afforded administrative expense priority because they benefit the estate post-petition. 11 U.S.C. §503(b)(1)(A); *see In re Chateaugay Corp.*, 10 F.3d 944, 956 (2d. Cir. 1993) (holding that an obligation arising from the post-petition performance relating to a prepetition transaction is entitled to administrative expense priority); *In re A.C.E. Elevator Co., Inc.*, 347 B.R. 473, 481 (Bankr. S.D.N.Y. 2006) (holding that to receive a claim under section 503 a claimant must provide a post-petition benefit to the estate). And, it is well established that "if a debtor in possession elects to

---

[2] Post-Effective Date unpaid amounts are owed to HHF by TSJV under the Amended License Agreement. HHF reserves all rights related thereto.

continue to receive benefits from the other party to an executory contract pending a decision to reject or assume a contract, the debtor in possession is obligated to pay for the reasonable value of those services." *See NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 531 (1984).

14. In order for a claim to obtain administrative expense status, two requirements must be satisfied: (1) the claim must arise from a post-petition transaction with the Debtors; and (2) the goods or services giving rise to the claim must benefit the estate in some demonstrable way. *In re Babbs*, 265 B.R. 35, 37 (Bankr. S.D.N.Y. 2001) (citing *Trs. of the Amalgamated Ins. Fund v. McFarlin's Inc.*, 789 F.2d 98, 101 (2d Cir. 1986); *In re the Lamparter Org., Inc.*, 207 B.R. 48, 48 (Bankr. E.D.N.Y. 1997)).

15. Thus, if a non-debtor party confers a benefit on a bankruptcy estate after the petition date pursuant to an executory contract, the non-debtor counterparty to that contract holds an administrative expense claim to the extent of the post-petition benefit conferred on the estate. *Sharon Steel Corp. v. National Fuel Gas Distribution Corp.*, 872 F.2d 36 (3rd Cir. 1989); *In re Waste Systems International, Inc.*, 280 B.R. 824, 826 (Bankr. D. Del. 2002) citing *NLRB v. Bildisco*, 465 U.S. at 531. Any other result would improperly confer a benefit on the bankruptcy estate while permitting the estate to escape the contract's burdens.

16. Here, pursuant to the Original License Agreement (1) HHF seeks payment for fees and expenses that arose in connection with postpetition services provided to the Debtors, as reflected in the schedule and invoices attached as **Exhibit B** hereto, and (2) these fees and expenses are obligations arising from services that provided substantial benefits to the estate.

17. Although certain of these invoices fall outside the period between the Petition Date and the Effective Date, all amounts sought herein relate to services rendered between the Petition Date and the Effective Date.

18. The request for payment of the Claim amount is straightforward and noncontroversial, and should be granted. Simply put, HHF provided the Debtors valuable services such that the Hotel continued to operate seamlessly through the Effective Date. Moreover, the Rejection Stipulation required the amounts sought herein to be paid in the ordinary course as they became due. Rejection Stipulation, ¶ 1.

19. That the services HHF provided under the Original License Agreement benefitted the Debtors' estates is not debatable. Among other things, by the plain terms of the Original License Agreement, HHF provided the Hotel:

   a. The right to utilize the Crowne Plaza® brand and signage, and associated intellectual property in connection with the Hotel;

   b. Access to IHG's Central Reservation System (so that guests can easily book rooms at the Hotel) and the Opera Property Management System;

   c. Access to credit card payment processing technologies;

   d. Access to the IHG® Voice proprietary reservation assistance technology and booking agents, upon which the Hotel heavily relies for booking and changing Hotel reservations and answering customer questions in real-time;

   e. Access to IHG's franchise performance support representatives and IHG's "Revenue Management for Hire Team," both of which provide advice and assistance to the Hotel's management and employees on maximizing the Hotel's performance; and

   f. The right to participate in IHG's newly revamped and industry-recognized loyalty rewards program, IHG® One Rewards.

20. No party has disputed that HHF honored its obligations under the Original License Agreement.

21. Accordingly, pursuant to Bankruptcy Code Sections 503(b) and 507, HHF is entitled to payment of its accrued and unpaid invoices for its services in the aggregate amount of $168,389.45 as an administrative expense.

## RESERVATION OF RIGHTS

22.     HHF does not intend to waive and hereby does not waive any rights it may otherwise assert against the Reorganized Debtors with respect to services provided after the Effective Date.  HHF reserves all rights to amend and/or supplement its Claim and this Motion as the circumstances may require.

## NOTICE

23.     HHF is providing notice of this Motion to: (i) the United States Trustee for Region 2, Attn: Andrea B. Schwartz, Esq.; (ii) the Reorganized Debtors; (iii) counsel to the Reorganized Debtors; and (iv) counsel to 1605 Broadway LLC.  HHF submits that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

24.     No previous request for the relief sought herein has been made to this or any other court.

## CONCLUSION

25. For the reasons set forth herein, HHF respectfully requests that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the allowance and payment of the Claim and such other relief as the Court may deem just and proper.

Dated: June 5, 2023
      New York, New York

*/s/ Matthew B. Stein*
Paul M. O'Connor III
Matthew B. Stein
Joshua N. Paul
Andrew Golden
**KASOWITZ BENSON TORRES LLP**
1633 Broadway
New York, New York 10019
Telephone: (212) 506-1700
Facsimile: (212) 506-1800
Email: POConnor@kasowitz.com
         MStein@kasowitz.com
         JPaul@kasowitz.com
         AGolden@kasowitz.com

*Counsel for Holiday Hospitality Franchising, LLC*